**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francisco Aguirre,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Custom Image Pros LLC, et al.,<br><br>　　　　　Defendants. | No. CV-23-00419-PHX-ROS<br><br>**ORDER** |

Plaintiff has filed a Motion for Default Judgment against Defendants. (Doc. 12). Defendants have not filed a response. For the following reasons, the Court will grant the Motion and direct entry of default judgment against Defendant Custom Image Pro LLC in the amount of $2,341.50 and against Defendants Custom Image Pros LLC, Timothy Simpson, and Jane Doe Simpson, jointly and severally, in the amount of $2,908.50.

**BACKGROUND**

Plaintiff filed this action for the recovery of unpaid minimum wages under the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act ("AMWA"), and the Arizona Wage Act ("AWA") on March 9, 2023. (Doc. 1, "Compl."). Defendants are an Arizona image marketing, design, and production company and two individuals alleged to be owners and managers thereof. *Id.* at ¶¶ 12, 14. Plaintiff asserts Defendants misclassified him as an independent contractor and did not pay him any wages during his three-week employment with Defendants as a laborer. *Id.* at ¶¶ 35-45. Defendants Custom Image Pros LLC and Timothy Simpson were served on June 6, 2023, (Docs. 7 and 8) and Defendant

Jamie Simpson was served on October 18, 2023 (Doc. 14).  Defendants did not file an answer or otherwise participate in the action.  On June 26, 2023, default was entered against Defendants pursuant to Fed. R. Civ. P. 55(a).[1]  (Doc. 11).  On July 10, 2023, Plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2).  (Doc. 12, "Mot.").

## JURISDICTION

When a party seeks default judgment "against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."  *In re Tuli*, 172 F.3d 707, 712 (9th. Cir. 1999).  Because Plaintiff's Complaint invokes a federal cause of action under the FLSA, the Court has subject matter jurisdiction over Count One.  *See* 28 U.S.C. § 1331.  The Court has supplemental jurisdiction over the Arizona state law claims, Counts Two and Three, because they are "part of the same case or controversy" as Plaintiff's federal law claim.  28 U.S.C. § 1367(a).  The Court also has personal jurisdiction over Defendants.  Plaintiff's claims arise from Defendants' business activities in Arizona and their alleged failure to comply with federal and state employment laws during those activities.  Compl. at ¶¶ 10-75; *Picot v. Weston*, 780 F.3d 1206, 1211 (9th. Cir. 2015).

## DEFAULT JUDGMENT

Once default is entered, the Court may enter default judgment under Rule 55(b).  Deciding to grant default judgment is discretionary and the Court must consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the amount in controversy; (5) the possibility of factual dispute; (6) whether the default was due to excusable neglect; and (7) the strong preference to decide cases on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

### A.   Possible Prejudice to Plaintiffs

Continuation of this action despite Defendants' failure to answer or otherwise

---

[1] The Clerk's June 26, 2023 entry of default against "Jane Doe Simpson" (Doc. 11) will be construed as being entered against Defendant Jamie L. Simpson following Plaintiff's amendment of the Complaint substituting Defendant's real name (Doc. 15) and properly executed service against Defendant Jamie L. Simpson on October 18, 2023 (Doc. 14).

participate would prejudice Plaintiff by precluding a judicial resolution of his claims. This factor weighs in favor of granting default judgment. *See Constr. Laborers Tr. Funds for S. California Admin. Co. v. Anzalone Masonry, Inc.*, 316 F. Supp. 3d 1192, 1198 (C.D. Cal. 2018).

### B. Merits of the Claim and Sufficiency of the Complaint

The second and third *Eitel* factors, taken together, require courts to consider whether a plaintiff has stated a claim on which they may recover. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002); *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). In considering these factors, the complaint's factual allegations are taken as true, but the plaintiff must establish all damages sought. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

To bring a claim under the FLSA, a plaintiff must allege he was not paid applicable minimum wages. *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014); *see also* 29 U.S.C. § 206(a). An employee can be covered under the FLSA through (i) enterprise coverage if the employer has annual gross sales or business done greater than $500,000; or (ii) individual coverage if the employee is "engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 203(s)(1)(A), 206(b); *see also Zorich v. Long Beach Fire Dep't & Ambulance Serv., Inc.*, 118 F.3d 682, 686 (9th Cir. 1997). An individual can be subject to liability under the FLSA when she "exercises control over the nature and structure of the employment relationship, or economic control over the relationship." *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009). To bring a claim under the AMWA, a plaintiff must allege he was not paid the applicable minimum wage for hours worked. A.R.S. § 23-363(A). To bring a claim under the AWA, a plaintiff must allege the Defendant failed to pay wages due to the plaintiff. A.R.S. § 23-355.

Plaintiff has alleged he "worked approximately 70 hours" over "approximately three workweeks working for Defendants" and was paid "no wages whatsoever for the entire duration of his employment." Compl. at ¶¶ 43-45. Plaintiff also alleges Defendants' enterprise "had annual gross sales of at least $500,000" and he, "in his work for Defendants,

- 3 -

was engaged in interstate commerce." *Id.* at ¶¶ 27-30. Plaintiff also alleges he was an employee of Defendants and Defendants were his employers as defined by A.R.S. § 23-362. *Id.* at ¶¶ 24-25. Finally, Plaintiff alleges the individual Defendants—Timothy Simpson and Jane Doe Simpson—are owners and managers for Defendant Custom Image Pros LLC, had the authority to hire and fire employees, supervised and controlled work schedules, determined the rate and method of payment, and ran maintained employment records in connection with Plaintiff's employment with Defendants. *Id.* at ¶¶ 14-15.

Because Plaintiff's well-pled factual allegations must be taken as true, Plaintiff has stated a plausible claim for relief against all three Defendants under the FLSA and AMWA, and against Defendant Custom Image Pros LLC under the AWA. These factors support entering default judgment.

### C. Amount in Controversy

This factor requires the court to consider the amount of money at stake in relation to the seriousness of Defendants' conduct. *PepsiCo*, 238 F. Supp. 2d at 1176. Plaintiff seeks $5,250 in liquidated unpaid wages under A.R.S. § 23-355. Mot. at 9. This requested amount is not high and is reasonable and proportional to Defendants' failure to pay applicable minimum wages under federal and state law. This factor supports entering default judgment.

### D. Dispute Over Material Facts

No genuine dispute of material facts prevents granting Plaintiff's motion given the sufficiency of Plaintiff's complaint and Defendants' default. *See PepsiCo*, 238 F. Supp. 2d at 1177. This factor supports entering default judgment.

### E. Excusable Neglect

Plaintiff executed proper service against all Defendants in this action, (Docs. 7, 8, and 9), and there is nothing indicating Defendants' failure to answer is due to excusable neglect. This factor supports entering default judgment.

### F. Policy Favoring Decisions on the Merits

Although there is a strong preference for decisions on the merits whenever reasonably possible, *Eitel*, 782 F.2d at 1472, the existence of Rule 55(b) indicates this preference is not dispositive, *PepsiCo*, 238 F. Supp. 2d at 1177. Since Defendants have failed to appear and respond, a decision on the merits is not possible. This factor supports entering default judgment.

### G. Conclusion

All the *Eitel* factors support entering default judgment in this case. This Court will grant Plaintiff's Motion and enter default judgment accordingly.

### DAMAGES

Under the FLSA, an employer is liable for the employee's "unpaid minimum wages" and "in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Under the AMWA, an employee may recover "an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355. And under the AWA, an employer is "required to pay the employee the balance of the wages" owed, with interest, "and an additional amount equal to twice the underpaid wages." A.R.S. § 23-364. During Plaintiff's employment with Defendants, the applicable federal minimum wage was $7.25 per hour, 29 U.S.C. § 206(a)(1)(C), and the applicable state minimum wage was $13.85 per hour, A.R.S. § 23-363(B); Arizona Industrial Commission: Minimum Wage.[2]

Plaintiff submitted an affidavit stating he worked an estimated total of "approximately 70" over "three workweeks of employment" with an agreed rate of "$25 per hour." Doc. 12-1 at ¶¶ 6, 8. Plaintiff states he was not paid any wages whatsoever for these hours worked as Defendants' employee. *Id.* at ¶¶ 8-10; *see also* Compl. at ¶ 43. Plaintiff calculates his unpaid wages using 70 total hours. Doc. 12-1 at ¶ 8-10. Thus, Plaintiff's damages under each applicable statute would be: $507.50 (70 hours * $7.25) in unpaid federal minimum wages under the FLSA, plus liquidated damages for a total of $1,015.00; $969.50 (70 hours * $13.85) in unpaid Arizona minimum wages under the

---

[2] https://www.azica.gov/labor-minimum-wage-main-page (last accessed Sep. 19, 2023).

AMWA, plus statutory trebling of damages for a total of $2,908.50; and $1,750 (70 hours * $25) in unpaid wages under the AWA, plus statutory trebling of damages for a total of $5,250. Plaintiff does not seek to stack these damages, instead stating the smaller awards are "engulfed" by the larger awards and seeks only $5,250 in total damages. *Id.* at ¶ 18. But because only Defendant Custom Image Pros LLC is liable for damages under the AWA, Plaintiff asserts all three Defendants are jointly and severally liable for his unpaid minimum wage damages under the AMWA equal to $2,908.50.

Since the damages sought by Plaintiff are provided for by statute and Plaintiff's affidavit is sufficiently detailed to permit the requisite statutory calculations, the Court will grant Plaintiff's requested damages, including a joint and several award against all three Defendants on the FLSA and AMWA claims in the amount of the greater AMWA claim of $2,908.50, and against Defendant Custom Image Pros LLC only on the difference between the larger AWA award and the AMWA award, or $2,341.50 ($5,250.00 - $2,908.50). The Court will also award post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a). The Court defers an award of attorneys' fees pending the filing of a motion in accordance with Local Rule of Civil Procedure 54.2.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion for Default Judgment (Doc. 12) is **GRANTED**. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendants Custom Image Pros LLC, Timothy Simpson, and Jane Doe Simpson, jointly and severally, in the amount of $2,908.50 in damages and liquidated damages under the FLSA and the AMWA. The Clerk of Court is also directed to enter judgment in favor of Plaintiff and against Defendant Custom Image Pro LLC in the amount of $2,341.50 in damages and liquidated damages under the AWA. These amounts shall be subject to post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a).

**IT IS FURTHER ORDERED** Plaintiff may file a motion for reasonable attorneys' fees and costs in accordance with Local Rule of Civil Procedure 54.2.

1     **IT IS FURTHER ORDERED** the Clerk of Court shall close this case.

2     Dated this 15th day of November, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge